STEPHEN E. THAYER *vs.* PHOEBE G. USHER.

York.    Opinion March 11, 1904.

*Fraud. Fraudulent Conveyance,* No proof that debtor owned the property.
*Evidence,* When failure to contradict is not an admission.
R. S. 1903, c. 114, § 77.

In an action against the defendant for knowingly aiding her son, Alvah C. Usher, in making a fraudulent transfer of his property to her for the purpose of securing it from creditors, it appears that the lumber which formed a part of the property alleged to have been fraudulently transferred was cut on the defendant's land, that Alvah C. Usher conducted the lumbering operation and sold a portion of the lumber; but whether in so doing he was acting as the agent of his mother, or whether he had contracted with her to cut the lumber upon shares, and sold his portion of it, the evidence failed to show. On report of the evidence to this court,

*Held;* that these facts have no necessary tendency to prove that Alvah C. Usher was the owner of the property in question.

It further appears that in a suit brought by the plaintiff against this defendant in the Municipal Court of Biddeford, in which he sought to hold her directly responsible for the amount of his claim, Alvah C. Usher appeared

as a witness and testified that he was the owner of the lumber in question, and that his mother, this defendant, was present in court at the time and made no denial of these statements made by her son. But the evidence entirely fails to show what the issue was at the trial in the Municipal Court. Whether the plaintiff sought to hold the defendant liable for his claim in an original or collateral undertaking, or upon any ground involving an inquiry into the ownership of the property in question, does not appear. With respect to the plaintiff's contention that the defendant's failure to contradict this testimony in the Municipal Court, must be deemed an admission on her part by silence and acquiescence, of the truth of her son's statements.

*Held;* that before the silence of a party can be taken as an admission of what is said in his presence, it must appear that the fact admitted, or the inference to be drawn from his silence, would be material to the issue ;

*That;* the declarations of Alvah C. Usher in the Municipal Court, not shown to have been material to the issue before that court, cannot be deemed to have been admitted by the silence of the defendant and are not competent evidence to prove that Alvah C. Usher was the owner of the property alleged to have been fraudulently transferred.

On report.   Judgment for defendant.

Action brought by plaintiff under R. S. 1903, c. 114, § 77, against the defendant for having aided a debtor in a fraudulent conveyance or concealment of property.   The evidence for plaintiff was taken out before the jury, and at its close the case was reported to the law court to determine whether judgment should be for the defendant, or the cause to stand for trial.

The case appears in the opinion.

*B. F. Cleaves, H. T. Waterhouse, and G. L. Emery,* for plaintiff.
*G. F. and Leroy Haley; C. W. Ross,* for defendant.

Sitting:   Wiswell, C. J., Whitehouse, Strout, Powers, Peabody, Spear, JJ.

Whitehouse, J.   This is an action against Phoebe G. Usher for "knowingly aiding" her son, Alvah C. Usher, in making a fraudulent transfer of his property to her, for the purpose of securing it from creditors.   It is based upon the provisions of § 77, c. 114, R. S. 1903.

It is alleged in the declaration that on the 26th day of January, 1899, Alvah C. Usher was indebted to the plaintiff in the sum of

$193; that he then owned and possessed a large quantity of lumber and cord wood and certain live stock, all being situated on the premises owned by his mother, this defendant, and of the value of $530; that on that day he made a fraudulent transfer of this personal property to the defendant for the purpose of securing it from his creditors and of preventing its attachment and seizure on execution, and that the defendant accepted the transfer and thereby knowingly aided him in the accomplishment of that purpose.

The plaintiff thereupon introduces in evidence a bill of sale of certain lumber and live stock from the defendant to George B. Hayes, dated January 26, 1899; but there is no evidence in the case that any attempt was ever made by Alvah C. Usher to transfer any such property to this defendant by any written instrument, and no direct evidence of any sale or transfer of it of any kind from Alvah to his mother.

But assuming that the circumstances would justify an inference of some transaction of that character between Alvah and his mother, another obstacle is encountered which seems to be insuperable. There is no competent evidence in the case to show that Alvah C. Usher ever owned any of the property transferred to Hayes. It is not in controversy that the lumber in question was cut on the land of the defendant, that Alvah C. Usher conducted the lumbering operation, and sold a portion of the lumber; but whether in so doing he was acting as the agent of his mother, or whether he had contracted with her to cut the lumber upon shares, and sold his portion of it, the evidence fails to show.

The plaintiff contends, however, that Alvah made certain declarations in the Municipal Court of Biddeford, in February, 1899, in the presence of this defendant, which ought to be accepted as competent evidence and sufficient proof that he was the owner of this property.

It appears that although in January, 1899, the plaintiff recovered judgment against Alvah C. Usher for the amount of his debt, he immediately afterwards brought suit against this defendant for the same cause of action in the Municipal Court of Biddeford, seeking to hold her directly responsible for the amount of his claim. The plaintiff now says that in the trial of that case in February, 1899,

Alvah C. Usher testified "that he owned that wood and bought it of his mother and paid for it by the cord, and that it was his, and that his mother was not holden for a thing that went in there;" and that his mother, this defendant, was present in court at the time and made no denial of these statements made by her son. The plaintiff claims that this was an admission on the part of the defendant arising from her silence and acquiescence.

In relation to this principle of evidence, Chief Justice Shaw said, in *Com.* v. *Kenney,* 12 Met. 235, "If a statement is made in the hearing of another, in regard to facts affecting his rights, and he makes a reply, wholly or partially admitting their truth, then the declaration and the reply are both admissible; the *reply,* because it is the act of the party, who will not be presumed to admit anything affecting his own interest, or his own rights, unless compelled to it by the force of truth; and the *declaration,* because it may give meaning and effect to the reply. In some cases, where a similar declaration is made in one's hearing, and he makes no reply, it may be a tacit admission of the facts. But this depends on two facts; first, whether he hears and understands the statement, and comprehends its bearing; and secondly, whether the truth of the facts embraced in the statement is within his own knowledge, or not; whether he is in such a situation that he is at liberty to make any reply; and whether the statement is made under such circumstances, and by such persons, as naturally to call for a reply, if he did not intend to admit it." These observations were made in a case that arose before the passage of the statutes allowing parties to be witnesses, but to the extent above quoted they are equally applicable at the present time. In "The Encyclopædia of Evidence," Vol. 1, pages 376 and 377 (Camp. 1902), it is said: "Before the silence of a party can be taken as an admission of what is said, it must appear . . . that the fact admitted or the inference to be drawn from his silence, would be material to the issue."

In *Blanchard* v. *Hodgkins,* 62 Maine, 119, it appeared that in a hearing before a referee involving the same subject matter, witnesses for the plaintiff had given testimony to establish a bargain different from that set up by the defendant before the jury, and that the

defendant himself was also a witness at the hearing before the referee and did not contradict the testimony then given by the witness for the plaintiff. Evidence of these facts was deemed competent to go to the jury as tending to show an implied admission on the part of the defendant that the bargain was as stated by the witnesses before the referee. It will be observed, however, that the defendant was himself a witness before the referee and had an opportunity to deny the testimony of the witnesses against him. Furthermore the testimony was unquestionably material to the issue before the referee, and the inference from the defendant's silence respecting it was material to the issue before the jury.

In the case at bar the evidence entirely fails to show what the issue was at the trial in the Biddeford Municipal Court. Whether the plaintiff sought to hold the defendant responsible for his debt on an original or collateral undertaking, or upon any ground involving an inquiry into the ownership of the personal property in question, does not appear. There is no evidence to show that the alleged declaration of Alvah C. Usher that he was the owner of the property had any relevancy to the issue on trial before the court. It does not appear that the defendant heard these declarations or that she appeared on the stand as a witness. In any event she was not called upon to go upon the stand to contradict testimony which was not material to the issue on trial in the case against her. The defendant's failure to do so under the circumstances disclosed by the evidence, cannot be deemed an admission by silence and acquiescence of the truth of the declarations. They were not competent evidence in this action to prove that Alvah C. Usher was the owner of the property alleged to have been fraudulently transferred. There being no other proof of it, the entry must be,

*Judgment for the defendant.*